**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    RICHARD T NEWTON, et al,                    No C 09-5887 VRW

12              Plaintiffs,                            ORDER

13         v

14    ARNOLD SCHWARZENEGGER, in his
      official capacity as Governor of
15    the State of California, et al,

16              Defendants.
      _____/
17

18

19         Plaintiffs in the above-captioned case seek declaratory

20    relief against the Governor and other California officials who

21    implement a worker furlough program.  Doc #1.  The court

22    conditionally certified a class under the Fair Labor Standards Act

23    ("FLSA"), 29 USC §§ 201 et seq, consisting of named plaintiffs

24    Richard T Newton, Frank M McNeal and Sean A Beaton and all

25    consenters to the action.  Defendants Governor Arnold

26    Schwarzenegger, Director of the California Department of Personnel

27    Administration ("DPA") Debbie Endsley, Secretary of the California

28    Department of Corrections and Rehabilitation ("CDCR") Matthew Cate,

1   Chief Deputy Secretary of the California Division of Juvenile

2   Justice ("DJJ") Bernard Warner and Director of the California

3   Department of Mental Health ("DMH") Stephen Mayberg move for summary

4   judgment on all claims, Doc #68, and plaintiffs cross-move for

5   summary judgment, Doc #77.  The court heard argument on both motions

6   on January 13, 2011.  For the reasons set forth below, the court

7   GRANTS defendants' motion, Doc #68, and DENIES plaintiffs' motion,

8   Doc #77, for summary judgment.

9

10                                     I

11          Unless otherwise noted, the following facts are not in

12   dispute.  Plaintiffs are employed by the state in a variety of

13   correctional peace officer classifications at institutions run by

14   the CDCR, DJJ or DMH.  Doc #1 ¶4.  Newton is a correctional officer

15   at Eel River Conservation Camp, and McNeal and Beaton are

16   correctional officers at San Quentin State Prison.  Id ¶5.  The

17   court conditionally certified the case as a collective action, Doc

18   #48, and 11,835 individuals have consented.  Doc #77 at 9; Doc #81

19   Markham Decl ¶4.  Plaintiffs, including consenters, are non-exempt

20   employees in the California Correctional Peace Officers' Association

21   ("CCPOA") and are members of California Bargaining Unit 6 ("BU 6").

22   Doc #23 at 7 n3.

23          Beginning in December 2008 and continuing with California

24   Executive Order S-12-10 (July 28, 2010), plaintiffs have been

25   subjected to a furlough program mandating two to three days off per

26   month.  The furlough program reduced plaintiffs' salaries.  Doc #77

27   at 11.  The Department of Personnel Administration ("DPA") applies a

28   negative differential to the salary to account for furlough days.

                                     2

1   Doc #78 Harrison Decl Exh 22 at 3, Exh 26 at 3; Doc #77 at 11.

2   Plaintiffs seek prospective declaratory relief for violations of the

3   FLSA as well as attorney fees and costs.

4        Because plaintiffs are employed in facilities that never

5   close, management is instructed to find appropriate times for

6   employees to take furlough leave during a month; if time off is not

7   possible, employees accrue furlough leave to take in the future.

8   See Doc #78 Harrison Decl Exh 14.  Plaintiffs allege that

9   defendants' implementation of the furlough policy requires them to

10  work on furlough days without monetary compensation for the promise

11  of a day off in the future.  Doc #1 ¶3.

12       Plaintiffs may accrue furlough days for a period not to

13  exceed 24 months from the end of the furlough program.  Doc #1 ¶9

14  and Exh E.  At the end of the 24 months, any unused furlough days

15  revert to the state.  Id ¶9.  On July 1, 2009, Governor

16  Schwarzenegger issued Executive Order S-13-09 adopting a plan to

17  implement a third furlough day for state employees effective July 1,

18  2009 to June 30, 2010.  That order directs that "all state employees

19  covered by the original and amended furlough plans must use their

20  accrued furlough days prior to using vacation, annual leave,

21  personal holiday, holiday credit, personal leave plan (PLP) credit,

22  and compensatory time off (CTO)."  Doc #1 Exh F.  Executive Order

23  S-12-10 continues the furlough program for employees of BU 6.

24       Plaintiffs are compensated by salary, which covers 164

25  hours of work in a 28 day period for correctional officers and 192

26  or 216 hours of work in a 28 day period for fire captains.  Doc #77

27  at 9; Doc #91 at 13.  Plaintiffs receive overtime compensation

28  pursuant to 29 USC § 207(k) when they work additional hours in the

1   28 day period.  Id.  Plaintiffs' salary per 28 day period is reduced

2   because of the furlough program.  Doc #91 at 12 (defendants: "The

3   salary reduction * * * effectively reduced the hourly rate each

4   employee was being paid by either approximately 9.23% or 13.85%

5   depending on which furlough program was in place."); Doc #77 at 11

6   (plaintiffs: "Although the furlough program is actually a reduction

7   to time worked, it is functionally administered as a reduction to

8   the salary rate used in the calculation of the pay made to

9   employees.").

10

11                                    II

12         Defendants first argue they are immune from suit because

13   plaintiffs may only seek prospective relief and the furlough period

14   described in the complaint ended on June 30, 2010.  Doc #68 at 19.

15   Plaintiffs counter that they seek declaratory relief that the

16   current furlough program under Executive Order S-12-10 violates the

17   FLSA.  Doc #89 at 12-13; Doc #78 Harrison Decl Exhs 5 & 6.  Under Ex

18   Parte Young, 209 US 123 (1908), plaintiffs may seek declaratory

19   relief against state officials in their official capacity.

20         Plaintiffs seek declaratory relief that the current

21   furlough program violates the FLSA and have presented some evidence

22   that the current program under Executive Order S-12-10 operates in a

23   manner substantially similar to the furlough program that expired in

24   June 2010.  Doc #77 at 11.  Accordingly, defendants' argument that

25   the furlough program expired in June 2010 falls short.  Because the

26   relief plaintiffs seek falls within an exception to sovereign

27   immunity, the court reaches the merits of plaintiffs' claims for

28   declaratory relief.

                                      4

III

Under FRCP 56, the court may grant summary judgment if there is no genuine dispute about material facts and the moving party is entitled to judgment as a matter of law.  The burden of establishing that there is no genuine dispute as to any material fact lies with the moving party.  Celotex Corp v Catrett, 477 US 317, 322-23 (1986).  Where the nonmoving party bears the ultimate burden of proof, the moving party may meet its burden by pointing to the absence of evidence to support the nonmoving party's case.  Id at 325.  Once the moving party has met its burden, either by presenting sufficient evidence to entitle it to a directed verdict at trial or by demonstrating the lack of evidence for the nonmoving party's case, FRCP 56(c) shifts to the nonmoving party the burden of presenting specific facts showing a genuine dispute for trial.  British Airways Bd v Boeing Co, 585 F2d 946, 950-52 (9th Cir 1978).  The court determines whether reasonable minds could differ over the import of the evidence after all inferences are drawn in favor of the nonmoving party.  Eisenberg v Insurance Co of North America, 815 F2d 1285, 1288-1289 (9th Cir 1987).

A

Plaintiffs allege that defendants have failed to comply with the FLSA, 29 USC § 207, because defendants have not compensated plaintiffs for all nonovertime hours worked.  Doc #77 at 7.  Under 29 CFR § 778.315, an employee must be compensated for all hours worked, and overtime compensation "cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or

5

1   under any applicable statute has been paid."  The parties do not

2   dispute the manner in which plaintiffs are compensated for their

3   work, described above.  Instead, the parties dispute the proper

4   characterization of the compensation which in turn frames the

5   parties' arguments regarding the alleged FLSA violation.

6          Plaintiffs argue that the negative pay differential

7   provides plaintiffs with their standard compensation for non-

8   furlough hours but no compensation for furlough hours worked.

9   Plaintiffs assert that they receive no monetary compensation for

10  worked furlough hours and instead only receive future time off.  In

11  Donovan v Crisostomo, the Ninth Circuit held that an employer

12  violated 29 USC § 207 and 29 CFR § 778.315 because the employer

13  required employees to pay kickbacks from their "straight time" wages

14  before compensating employees for overtime work.  689 F2d 869, 876

15  (9th Cir 1982).  Plaintiffs compare Donovan to the furlough program

16  at issue here to argue that defendants withheld compensation for

17  furlough hours worked and in so doing failed to compensate

18  plaintiffs for all straight time hours worked in violation of the

19  FLSA overtime provisions.

20         Defendants assert that the pay differential should be

21  interpreted as a reduction for all hours worked, including furlough

22  hours.  Because plaintiffs' salaries remain above the federal

23  minimum hourly wage even when reduced by the negative pay

24  differential, defendants argue that the furlough program does not

25  violate the FLSA.  See Monahan v County of Chesterfield, Virginia,

26  95 F3d 1263, 1272 (4th Cir 2002) (holding that salaried employees

27  were properly compensated for all nonovertime hours worked because

28  their salaries amounted to more than the federal minimum wage).

6

1        Plaintiffs have not presented evidence that the furlough

2   program should be seen as anything other than a reduction in salary.

3   Plaintiffs fail to show they are either contractually or statutorily

4   obligated to receive their pre-furlough salary for nonovertime hours

5   worked.  Moreover, plaintiffs have not shown that they are entitled

6   a salary without a negative differential to account for furloughs.

7   The furlough program was "implemented as a salary reduction."  Doc

8   #77 at 21.   Plaintiffs were compensated for their "straight time,"

9   albeit at a rate lower than the rate to which they had grown

10  accustomed.   See Professional Engineers in California Government v

11  Schwarzenegger, 50 Cal 4th 989, 1043-1044 (2010) (finding that the

12  two day furlough plan was a method "of achieving the reduction in

13  employee compensation.").

14        Plaintiffs admit that the state may reduce plaintiffs'

15  wages.  The California Supreme Court has held that the furlough

16  program is a reduction in plaintiffs' wages for all hours worked.

17  Professional Engineers, 50 Cal 4th at 1044.  The furlough program,

18  while perhaps convoluted in execution, ensures that plaintiffs are

19  compensated for all hours worked during the pay period.  Because

20  plaintiffs are compensated for all time worked, and because that

21  compensation exceeds federal minimum standards, plaintiffs' claim

22  for violation of FLSA fails.  Defendants' motion for summary

23  judgment on plaintiffs' claims for failure to compensate for all

24  hours worked is GRANTED.

25

26                                B

27        Plaintiffs allege that defendants have failed to comply

28  with 29 USC § 211(c) and 29 CFR § 516.1 by failing to keep accurate

                                7

1  records of time worked.  Doc #1 at 8; Doc #77 at 7.  Defendants

2  argue that plaintiffs lack standing to pursue this claim, as only

3  the secretary of labor has the authority to pursue recordkeeping

4  violations.  29 CFR § 217.  Plaintiffs point to <u>Anderson v Mt</u>

5  <u>Clemens Pottery Co</u>, 328 US 680 (1946), to argue that the court may

6  consider a defendant's failure to keep records in an FLSA case.  But

7  plaintiffs fail to explain <u>Anderson</u>'s applicability here.

8          <u>Anderson</u> involved the calculation of damages based upon an

9  employer's FLSA violation and held that an employer may be held

10  accountable for alleged damages even if employees cannot provide

11  records to prove their claims precisely, as the burden is on an

12  employer to keep accurate records of employee labor.  Id at 688.

13  Here, by contrast, plaintiffs bring a separate cause of action

14  alleging that defendants have not kept accurate records.  Because

15  plaintiffs seek only declaratory relief, not damages, the

16  relationship between defendants' records and plaintiffs' damages

17  cannot be an issue here.  The FLSA only authorizes the secretary of

18  labor, not employees, to bring claims for recordkeeping violations.

19  See 29 USC § 217 (secretary of labor may enforce recordkeeping

20  requirements); 29 USC § 216(b) (employees may bring private action

21  for overtime or wage violations).  Plaintiffs here lack standing to

22  raise a separate claim relating to alleged recordkeeping violations.

23  Accordingly, defendants' motion for summary judgment on the

24  recordkeeping claim is GRANTED.

25

26                                  IV

27          For the reasons explained above, defendants' motion for

28  summary judgment, Doc #68, is GRANTED.  Plaintiffs' motion for

                                     8

1  summary judgment, Doc #77, is DENIED.  The clerk is DIRECTED to

2  terminate all pending motions, enter judgment in favor of defendants

3  and close the file.

4

5

6

7  _____

8  VAUGHN R WALKER
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28