United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD T. NEWTON, et al.,

        Plaintiffs,                              No. C 09-5887 PJH

    v.                                      **ORDER**

EDMUND G. BROWN, JR., et al.

        Defendants.

_____/

        Before the court is plaintiffs' motion to alter or amend the judgment, and motion for relief from judgment. Having read the parties' papers and carefully considered their arguments, the court hereby DENIES the motion.

**BACKGROUND**

        Plaintiffs Richard T. Newton, Frank M. McNeal, and Sean A. Beaton filed the above-entitled collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., on December 16, 2009, alleging late payment of wages, improper record-keeping, and failure to pay overtime wages, against state officials who implemented a worker furlough program. In the complaint, plaintiffs alleged three causes of action under the FLSA, and sought "solely prospective, declaratory relief indicating that the manner in which defendants implement furlough days violates the FLSA" (as well as attorney fees and costs).

Plaintiffs are employed by the State of California in a variety of correctional peace officer classifications at institutions run by the California Department of Corrections and Rehabilitation ("CDCR"), the Division of Juvenile Justice within CDCR, and/or the California Department of Mental Health ("DMH").

In the fall of 2008, the State of California was facing an almost unprecedented financial crisis. As detailed in Professional Engineers in California Government v. Schwarzenegger, 50 Cal. 4th 989, 998-1008 (2010), then-Governor Arnold Schwarzenegger proposed a number of measures in an attempt to resolve that crisis, including a furlough of represented state employees and supervisors.

Pursuant to an Executive Order issued on December 19, 2008, state employees were subjected to a furlough program mandating two days off per month, commencing in February 2009, and ending in June 2010. Pursuant to a second Executive Order, issued on July 1, 2009, state employees were subjected to a third furlough day, effective through June 30, 2010. One of the effects of this furlough program was to reduce the salaries of state employees, including plaintiffs.

Plaintiffs are compensated by an annual salary that is divided into monthly payments, covering a specified number of hours of work in a 28-day period. Plaintiffs also receive overtime compensation pursuant to 29 U.S.C. § 207(k) when they work additional hours in the 28-day period.

Because plaintiffs, as correctional peace officers, are employed in facilities that operate around the clock, the State determined that those facilities would be subject to "self-directed" furloughs, and CDCR and DMH management were instructed to find appropriate times for employees to take furlough leave. Under a self-directed furlough program, an employee accrues a certain number of furlough days per month, to be taken at a time of the employee's choosing, and when operationally feasible.

The State Controller's Office administered the furlough program as an "adjustment to salary rate" regardless of whether or not leave was taken. Implementation of the furlough program required the application of a negative pay differential to employees' base

rate of pay, thereby effectively reducing the employees' overall salary by the number of furlough days (two or three days a month, depending on the relevant Executive Order). Plaintiffs allege that the implementation of this furlough policy unlawfully required them to work on furlough days without monetary compensation, for the promise of days off in the future.

Named as defendants in the complaint in the present action were Governor Schwarzenegger, along with the Director of the California Department of Personnel Administration, the Controller of the State of California, the Secretary of the California Department of Corrections and Rehabilitation, the Chief Deputy Secretary of the California Division of Juvenile Justice, and the Director of the California Department of Mental Health – all sued in their official capacities.

On June 7, 2010, the Hon. Vaughan R. Walker, to whom the case was then assigned, conditionally certified a class under the FLSA, consisting of the named plaintiffs and all consenters to the action.

On October 4, 2010, the California Supreme Court issued its opinion in Professional Engineers, finding that while the Governor did not have the unilateral authority to implement the two-day per month furlough in effect from February 1, 2009 until June 30, 2010, the Legislature did possess such authority. Id., 50 Cal. 4th at 1015. The court found further that the Legislature's revision and ratification of the amended 2008-2009 Budget Act constituted the Legislature's lawful ratification of the furlough program, pursuant to its authority to reduce state employee salaries. Id. at 1043-48.

The parties in the present case filed cross-motions for summary judgment in December 2010. Plaintiffs sought summary judgment as to two issues – that defendants were in violation of the FLSA for failing to timely pay plaintiffs for all non-overtime (or "straight time") hours when plaintiffs worked overtime; and that defendants were in violation of the FLSA by failing to maintain adequate records regarding plaintiffs' use of furlough leave.

Defendants sought summary judgment as to all three causes of action alleged in the

3

1  complaint. Defendants argued that summary judgment should be granted as to the first
2  cause of action because the FLSA permits the payment of compensation for non-overtime
3  hours in the form of paid time off; that summary judgment should be granted as to the first
4  and second causes of action for non-payment of wages and non-payment of overtime,
5  based on the California Supreme Court's holding in Professional Engineers; and that
6  summary judgment should be granted as to the third cause of action for inaccurate record-
7  keeping because only the Secretary of Labor is vested with the right to enforce the FLSA's
8  record-keeping requirements.

9  On January 14, 2011, Judge Walker issued an order granting defendants' motion
10 and denying plaintiffs' motion. Judgment was also entered on January 14, 2011. On
11 February 11, 2011, plaintiffs filed the present motion to alter the judgment pursuant to
12 Federal Rules of Civil Procedure 59(e) and 60(b). The case was subsequently reassigned
13 to the undersigned district judge, as Judge Walker was retiring from the bench.

**DISCUSSION**

15 A.   Legal Standard

16 Because plaintiffs' motion was filed within twenty-eight days after the date of entry of
17 judgment, the motion is properly characterized as arising under Federal Rule of Civil
18 Procedure 59(e) rather than under Federal Rule of Civil Procedure 60(b). See American
19 Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 898-99 (9th Cir.
20 2001) (motion for reconsideration filed within time period set forth in Rule 59(e) is treated
21 as motion to alter or amend judgment under Rule 59(e); motion filed beyond that time
22 period is treated as Rule 60(b) motion for relief from judgment or order).[1]

23 A district court has considerable discretion when considering a motion to amend a
24 judgment under Federal Rule of Civil Procedure 59(e). McDowell v. Calderon, 197 F.3d
25 1253, 1254 n.1 (9th Cir. 1999). The Court may grant a motion to alter or amend the

---

[1] The standard for reconsideration is substantially similar under Rule 60(b) and Rule 59(e). See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).

4

judgment under Rule 59(e) under the following circumstances: "(1) [T]he district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Duarte v. Bardales, 526 F.3d 563, 567 (9th Cir. 2008) (citation and quotation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

B.   Plaintiffs' Motion

Plaintiffs seek reconsideration and relief from the judgment. They do not challenge the ruling on the claim that defendants failed to keep accurate records of time worked. Nor do they challenge the court's finding that the Legislature implemented a lawful salary reduction through the furlough program. Rather, they assert that the court erred in finding that their hourly salary rate was not unlawfully reduced.

Plaintiffs assert that the court's order and judgment are premised on a legally erroneous interpretation of Professional Engineers and the state statutory scheme regarding public employee salaries addressed in that case. Plaintiffs contend that the court's misapplication and misapprehension of the compensation scheme and the California Supreme Court decision itself led it to make legally erroneous findings that plaintiffs are not entitled to their pre-furlough hourly salary rates, and that Professional Engineers sanctioned an across-the-board hourly salary rate cut through the furloughs program. Plaintiffs argue that the court should have granted their motion and denied defendants' motion, and that they are entitled to relief from the court's legally erroneous judgment.

In the January 14, 2011 order, the court found that plaintiffs were not entitled to summary judgment because the furlough program was "implemented as a salary reduction," and that plaintiffs had not established either that they were contractually or statutorily obligated to receive their pre-furlough salary for non-overtime hours worked, or that they were entitled to a salary without a negative differential.

The court read Professional Engineers as establishing that the furlough program

5

was a method of achieving a reduction in employee compensation, and found that plaintiffs had been compensated for their "straight time," albeit at a rate lower than the rate to which they had grown accustomed. The court concluded that the furlough program ensures that plaintiffs are compensated for all hours worked during the pay period, and that because that compensation exceeds federal minimum pay standards, plaintiffs could not prevail on their FLSA claim.

Plaintiffs contend that the court misread Professional Engineers, and improperly relieved defendants from their burden of proving that the Legislature reduced plaintiffs' hourly rates. They assert that they were subjected to a reduction in take-home pay, but received no commensurate and contemporaneous reduction in hours, resulting in a de facto reduction in the hourly salary rate paid. They contend that because the Legislature, which did ratify the furlough program, did not ratify a de facto hourly rate reduction, this reduction was unlawful; and that for employees who worked on furlough days, without pay, the FLSA required that they be paid their full straight-time wages for all hours worked whenever they also worked overtime. Finally, they argue that even if the court finds that the two-day per month furlough was lawful, Professional Engineers did not authorize the third day of the three self-directed furlough days a month.

In opposition, defendants assert that this court properly interpreted Professional Engineers in finding that plaintiffs' salaries were lawfully reduced. Defendants note that it is undisputed that plaintiffs are paid on a salary basis, not an hourly basis, and that plaintiffs' reference to a "de facto hourly salary rate" does not convert them from salaried employees to hourly employees. Thus, they assert, plaintiffs' argument that the court mistakenly interpreted Professional Engineers as authorizing a reduction in employees' hourly rate of pay is unfounded, as is their argument that the Legislature never approved a reduction in their hourly rate of pay.

Defendants also argue that this court properly interpreted Professional Engineers as including self-directed furloughs. They note that in ruling that the Legislature had approved an across-the-board salary reduction for state employees, the California Supreme Court did

not distinguish between employees who took self-directed furloughs and those who did not work because their offices were closed on specific days. The court simply held that the legislative history of the Budget Act of 2008 made it clear that the Legislature had contemplated that the reduction in employee compensation could be achieved through the furlough plan that was "then in existence," id., 50 Cal. 4th at 1047, which furlough program was the program in effect on February 19, 2009. The so-called "self-directed" furloughs were a part of that program, and were therefore encompassed within the court's decision in Professional Engineers.

Defendants assert further that plaintiffs' argument that the third furlough day is unlawful fails as a matter of law. They note that this is a new argument not previously raised by plaintiffs, and is therefore not the proper subject of a motion for reconsideration. They also assert that the third furlough day was lawful, for the same reasons that the California Supreme Court in Professional Engineers found the two furlough days to be lawful.

The court finds that plaintiffs have not met their burden of showing that the court's prior ruling was clearly erroneous. The court found that plaintiffs had not established that they were entitled to a salary without a negative differential to account for furloughs, and that the furlough program did not violate the FLSA because plaintiffs' salaries remained above the federal minimum hourly wage even when reduced by the negative pay differential. The court concluded that under Professional Engineers, the furlough program was a legitimate method of achieving a reduction in employee compensation. Plaintiffs have not clearly shown that this ruling was contrary to law.

As for plaintiffs' argument regarding the third furlough day, the court agrees with defendants that it is improper because it was not raised previously. In addition, defendants' position – that the rationale of Professional Engineers can be applied to the question of the lawfulness of the third furlough day – was recently validated by the California Court of Appeal's decision in Union of American Physicians and Dentists v. Brown, __ Cal. Rptr. 3d __, 2011 WL 1836662 (Cal. App. 1 Dist., May 16, 2011):

7

> Given that the language contained in the revised 2009 Budget Act is identical to that construed in Professional Engineers and given that two of the three factors that our Supreme Court cited in support of its ruling are equally applicable here, we think it is appropriate to reach the same result. We conclude the third furlough day was valid.

Id., 2011 WL 1836662 at *8.

## CONCLUSION

In accordance with the foregoing, plaintiffs' motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: May 25, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge